**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**~~LEXINGTON~~** Frankfort

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 3:26-cr-1-GFVT-MAS

**MIROSLAV VISHNEVSKII,**
**a.k.a. Ruso,**
**a.k.a. LuciferXFiles,**
**a.k.a. Master-Helper,**
**a.k.a. Mvvishnevskii**

* * * * *

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At all relevant times:

1. XFiles Stealer Malware was a malicious software program designed to infiltrate protected networks in order to steal information from those networks, including usernames, passwords, cookies, and financial account information.

2. **MIROSLAV VISHNEVSKII** lived in Spain and advertised and supported the XFiles Stealer Malware using monikers associated with or derivative of Master-Helper and Lucifer.

3. Co-conspirators included customers purchasing access to the XFiles Stealer Malware, which was advertised as a subscription-based service. These customers could

request a customized version of the XFiles Stealer malware to target certain networks or information, and then launch the malware at the time of their choosing.

4. Co-conspirators also included affiliates of the XFiles Stealer Malware, who offered services designed to facilitate the use of XFiles Stealer Malware and to profit from the stolen information.

## COUNT 1
## 18 U.S.C. § 371

5. Paragraphs 1 through 4 are reincorporated as if fully set forth herein.

6. Beginning on a date unknown, but no later than August 17, 2023, and continuing thereafter until at least October 21, 2025, in the Eastern District of Kentucky and elsewhere,

**MIROSLAV VISHNEVSKII**

knowingly and intentionally conspired with others known and unknown to commit violations of 18 U.S.C. § 1030(a)(5), that is knowingly causing the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally causing damage to a protected computer without authorization, and causing loss to 1 or more persons aggregating at least $5,000 in value during a 1-year period.

## OVERT ACTS

In furtherance of the conspiracy and to achieve its objectives, the following overt acts were taken by **VISHNEVSKII** and his co-conspirators:

7. **VISHNEVSKII** marketed and supported the XFiles Stealer Malware on the dark web.

8. **VISHNEVSKII** communicated with undercover law enforcement officials in the Eastern District of Kentucky in order to sell access to the XFiles Stealer Malware.

9. Co-Conspirator A used the XFiles Stealer Malware to gain access to the Coinbase account of a Michigan victim, and to later drain the Coinbase account of approximately $75,000.

10. Co-Conspirator B used the XFiles Stealer Malware to gain access to the network of an Eastern District of Kentucky citizen.

All in violation of 18 U.S.C. § 371.

**COUNT 2**
**18 U.S.C. § 1029(b)**

11. Paragraphs 1 through 4 are reincorporated as if fully set forth herein.

12. Beginning on a date unknown, but no later than August 17, 2023, and continuing thereafter until at least October 21, 2025, in the Eastern District of Kentucky and elsewhere,

**MIROSLAV VISHNEVSKII**

knowingly and intentionally conspired with others known and unknown to commit violations of 18 U.S.C. § 1029(a)(3), that is, knowingly and with the intent to defraud, possessing unauthorized access devices, that is, account usernames and associated passwords and financial account information, in a manner affecting interstate or foreign commerce.

## OVERT ACTS

13. **VISHNEVSKII** marketed and supported the XFiles Stealer Malware on the dark web, advertising its ability to collect cookies, passwords, and credit card information, among other items.

14. **VISHNEVSKII** and his co-conspirators agreed to partner with Co-Conspirator C, who sold stolen credentials on the dark web and elsewhere for a fee.

15. **VISHNEVSKII** advertised Co-Conspirator C as its partner.

16. **VISHNEVSKII** communicated with undercover law enforcement officials in the Eastern District of Kentucky in order to sell access to the XFiles Stealer Malware. As a result of those communications, the undercover law enforcement officials purchased credentials stolen from an Eastern District of Kentucky victim from Co-Conspirator C.

All in violation of 18 U.S.C. § 1029(b)(2).

## COUNT 3
## 18 U.S.C. § 1956(h)

17. Paragraphs 1 through 16 are reincorporated as if fully set forth herein.

18. Beginning on a date unknown, but no later than August 17, 2023, and continuing thereafter until at least October 21, 2025, in the Eastern District of Kentucky and elsewhere,

**MIROSLAV VISHNEVSKII**

knowingly and intentionally conspired and agreed with others known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956(h), that is, knowingly conducting and attempting to conduct financial transactions

affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity and involved property represented to be proceeds of specified unlawful activity, that is access device fraud, computer fraud, and conspiracy to commit access device fraud and computer fraud, violations of 18 U.S.C. §§ 371, 1029, and 1030, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(a)(3)(B).

**FORFEITURE ALLEGATION**
**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 982(a)(2)(B)**
**18 U.S.C. § 1029(c)(1)(C)**
**18 U.S.C. § 1030(i)(1)**

1. By virtue of the commission of the offenses alleged in Counts One and Two of the Indictment, **MIROSLAV VISHNEVSKII** shall forfeit to the United States any property constituting, or derived from, proceeds that he obtained directly or indirectly as the result of the violations of 18 U.S.C. §§ 371, 1029, and 1030 and any personal property used or intended to be used to commit or facilitate the commission of the violations of 18 U.S.C. §§ 371, 1029, and 1030. Any and all interest that **MIROSLAV VISHNEVSKII** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), and 1030(i)(1).

2. By virtue of the commission of the offense alleged in Count Three of the Indictment, **MIROSLAV VISHNEVSKII** shall forfeit to the United States any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interest that **MIROSLAV VISHNEVSKII** has in

this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

3. The property to be forfeited includes, but is not limited to, the following:

**CRYPTOCURRENCY WALLETS:**
bc1qqdyzjpl3xtxudfmp2x66rr837lumvnlug3psu0
bc1qengzt5rwqw7f8nrw0ewg0mdcene0488f86lz48
3H7Bwy5jXE776AmEJxGxcBt2wWdyjhKcQd
bc1qwh8ehnz8hgk7kr864wynmvw2gxdpnczrk0gay4
bc1qms89vs0r6vnu0wqer6rtn23ur8h5al4dyc3r9u

**CURRENCY:**
21,910 euro seized from **MIROSLAV VISHNEVSKII** by Lithuanian authorities.

**MONEY JUDGMENT:**
A forfeiture money judgment in an amount representing the gross proceeds obtained by the Defendant as a result of the violations alleged in this Indictment and/or in an amount representing the amount involved in the money-laundering violation.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

**FOREPERSON**

**PAUL C. McCAFFREY**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

| | |
|---|---|
| **COUNTS 1 and 2:** | Not more than 5 years imprisonment; fine of $250,000 or twice the gross gain or loss, whichever is greater; and 3 years supervised release. |
| **COUNT 3:** | Not more than 20 years imprisonment; fine of $500,000 or twice the value of the property involved in the transactions, whichever is greater; and 3 years supervised release. |
| **PLUS:** | Mandatory special assessment of $100. |
| **PLUS:** | Restitution, if applicable. |
| **PLUS:** | Forfeiture, as listed. |